UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL R. ANDEREGG, | ) | |
| | ) | |
| Plaintiff(s), | ) | No. C04-1929 CRB (BZ) |
| | ) | |
| v. | ) | **ORDER SCHEDULING** |
| | ) | **SETTLEMENT CONFERENCE** |
| MOORS & CABOT, INC., | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

  The above matter was referred to Magistrate Judge Bernard Zimmerman for settlement purposes.

  You are hereby notified that a settlement conference is scheduled for **Tuesday, July 12, 2005, at 9:00 a.m.**, in Courtroom G, 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California 94102.

  It is the responsibility of counsel to ensure that whatever discovery is needed for all sides to evaluate the case for settlement purposes is completed by the date of the settlement conference. Counsel shall cooperate in providing discovery informally and expeditiously.

1

1     Lead trial counsel shall appear at the Settlement 2 Conference with the parties.  Any party who is not a natural 3 person shall be represented by the person or persons **not** 4 **directly involved** in the events which gave rise to the 5 litigation but with **full** authority to negotiate a settlement. 6 A person who needs to call another person not present before 7 accepting, rejecting or making any settlement offer does not 8 have full authority.  If a party is a governmental entity, its 9 governing body shall designate one of its members or a senior 10 executive to appear at the Settlement Conference with 11 authority to participate in the Settlement Conference and, if 12 a tentative settlement agreement is reached, to recommend the 13 agreement to the governmental entity for its approval.  An 14 insured party shall appear with a representative of the 15 carrier with full authority to negotiate up to the limits of 16 coverage.  The Court shall be notified immediately if the 17 carrier declines to attend.  Personal attendance of a party 18 representative will rarely be excused by the Court, and then 19 only upon separate written application demonstrating 20 substantial hardship served on opposing counsel and lodged as 21 early as the basis for the hardship is known.

22     Each party shall prepare a Settlement Conference 23 Statement, which must be served on opposing counsel and lodged 24 (not faxed) with my chambers no later than **July 7, 2005**.  The 25 Statement **may** be submitted on CD-ROM with hypertext links to 26 exhibits.  Otherwise, the portion of exhibits on which the 27 party relies **shall** be highlighted.  The Settlement Conference 28 Statement shall not exceed ten pages of text and twenty pages

1  of exhibits and shall include the following:
2    1.   A brief statement of the facts of the case.
3    2.   A brief statement of the claims and defenses
4  including, but not limited to, statutory or other grounds upon
5  which the claims are founded.
6    3.   A summary of the proceedings to date and any pending
7  motions.
8    4.   An estimate of the cost and time to be expended for
9  further discovery, pretrial and trial.
10   5.   For any party seeking relief, a description of the
11 relief sought, including an itemization of damages.
12   6.   The parties' position on settlement, including
13 present demands and offers and a history of past settlement
14 discussions.  The Court's time can best be used to assist the
15 parties in completing their negotiations, not in starting
16 them.  Accordingly, plaintiff must serve a demand in writing
17 by
18 **June 29, 2005** and defendant must respond in writing no later
19 than **July 5, 2005**.  If plaintiff seeks attorney's fees and
20 costs, plaintiff's counsel shall either include the fee claim
21 in the demand or make a separate, simultaneous demand for fees
22 and costs.  Counsel shall be prepared at the conference to
23 provide sufficient information to defendant to enable the fee
24 claim to be evaluated for purposes of settlement.  The parties
25 are urged to carefully evaluate their case before taking a
26 settlement position since extreme positions hinder the
27 settlement process.
28   Along with the Statement each party shall lodge with the

3

1  court a document of no more than three pages containing a
2  **candid** evaluation of the parties' likelihood of prevailing on
3  the claims and defenses, and any other information that party
4  wishes not to share with opposing counsel.  The more candid
5  the parties are, the more productive the conference will be.
6  This document shall not be served on opposing counsel.
7       It is not unusual for conferences to last three or more
8  hours.  Parties are encouraged to participate and frankly
9  discuss their case.  Statements they make during the
10 conference will not be admissible at trial in the event the
11 case does not settle.  The parties should be prepared to
12 discuss such issues as:
13      1. Their settlement objectives.
14      2. Any impediments to settlement they perceive.
15      3. Whether they have enough information to discuss
16 settlement.  If not, what additional information is needed.
17      4. The possibility of a creative resolution of the
18 dispute.
19      The parties shall notify Magistrate Judge Zimmerman's
20 chambers immediately if this case settles prior to the date
21 set for settlement conference.  Counsel shall provide a copy
22 of this order to each party who will participate in the
23 conference.
24 Dated: June 24, 2005

                                /s/ Bernard Zimmerman
                                  Bernard Zimmerman
                             United States Magistrate Judge

G:\bzall\-refs\refs.05\anderegg.sc         4